The opinion of the court was delivered by
Nicholls, C. J.
Relator represents that on the 1st of June, 1892, he filed in the District Court of Lafourche his suit against Arthur Gossin for the specific performance of a written proposition of sale *884 made by him and duly accepted by Gossin, by which agreement relator agreed to sell and Gossin agreed to buy the steamboat “Alexander” for the fixed price of $1750, whereof $500 was to be paid cash, $850 by Gossin’s transferring to relator ten shares of the Jackson Brewing Company of New Orleans of the face value of $100 per share but of a market value of $85 per share, and the balance of the purchase price ($400) by a note of Gossin to the order of relator, payable January 1, 1893, with 8 per cent, per annum interest from date of passing the act of sale, said act to be passed immediately after the boat had passed inspection of the United States inspectors. That in his petition he averred that by said agreement he bound himself to have the boiler of the boat inspected at a cost of $145, and he caused said repairs to be made; that the boat passed inspection May 7, 1892; that Gossin declined to accept the boat and complete sale as agreed on; that relator placed him in default; that in said suit for specific performance, after alleging the refusal of Gossin without just or legal cause for not complying with the agreement, he also alleged that the said refusal had caused relator damages in the sum of $550— that is, for attorney’s fees in prosecuting the suit at $250, relator’s traveling expenses at $10, costs of notarial protest at $15, loss of time at $25, and exemplary damages for said Gossin’s gross bad faith at $250. That in said suit he not only prayed for specific performance showing an amount in contestation of $1750, but also prayed for said damages, amounting in the aggregate to the sum of $550, making the total amount in dispute the sum of $2300. That the case was tried pursuant to assignment and resulted in a judgment on the 30th of September, 1892, in favor of relator — -1st, for the sum of $500 with 8 per cent, interest from 17th May, 1892; 2d, transferring to relator the ten shares of the Jackson Brewing Company’s stock, which were worth $850; 3d, condemning defendant to give his note to relator for $400, with 8 per cent, per annum interest from 17th May, 1892, until paid — all of which was in compliance with relator’s petition for specific performance, but, 4th, rejecting relator’s claim for damages as in case of non-suit and disallowing defendant’s claim in reconvention.
That on the 1st of October, 1892, Gossin moved for a suspensive and devolutive appeal in the alternative from said judgment, returnable according to law, and later on at his own suggestion the same was made returnable to the Fifth Circuit Court of Appeals, which *885 appeal was perfected by his giving bond for a suspensive appeal, returnable to “the Fifth Circuit Court of Appeals,” “returnable according to law.”
That relator, believing that said appeal had been made returnable as it should have been to the Supreme Court on the third Monday of January, 1893, when appeals from the parish of Lafourche are returnable according to law, was present through counsel on that day and there awaited until the delay of filing an appeal had expired, whereupon he obtained from the clerk of the Supreme Court a certificate of non-filing, dated January 20, 1893, which he annexed to his petition.
That to his great astonishment he discovered when he filed with the clerk of the court of the parish of Lafourche the said certificate of non-filing that the appellant had made his appeal at his own solicitation returnable to the Fifth Circuit Court of Appeals, which, under the law, sits for the parish of Lafourche on the third Monday of February, 1893.
That on the return of said appeal in the Circuit Court of Appeals (20th February, 1893), he filed his motion to dismiss said appeal on the ground that the court was without jurisdiction ratione materiee, that the amount in dispute exceeded $2200, exclusive of interest, and that the appeal should have been made returnable according to law to the Supreme Court. That despite said motion to dismiss, the said Circuit Court and its judges have usurped jurisdiction of said appeal and have overruled relator’s motion and have proceeded under a rule of their court which compels appellee to submit both his motion to dismiss and the merits of the cause, to decide the merits of the cause, all to the great injury of relator and in violation of his just and legal rights in the premises.
That said Circuit Court placed relator in a position where he can not claim (1) his attorney fees of $250 to which he is entitled without proof, the court being competent to place an estimate upon such services; (2) notarial fees of protest, which courts are also competent to place value on without proof; (3) exemplary damages claimed by relator against Gossin, for gross violation of the contract sued on, which damages are never proved, and that the Circuit Court of Appeals has thus deprived relator of his claim for damages by usurping jurisdiction of a cause ’over which they had no jurisdiction ratione materiee, and which if it had been returned to the Supreme Court re *886 lator would have had an opportunity, of which he was willing, ready- and anxious to avail himself, of asking an amendment of judgment by increasing the amount awarded by the District Oourt to $1750 by (1) attorney’s fees, $250; (2) notarial fees, $15; (8) exemplary damages, $250.
In view of the premises relator prayed for writs of certiorari and prohibition directed to the judges of the Fifth Circuit Oourt of Appeals, to the clerk of the District Oourt for the parish of Lafourche and Arthur Gossin, ordering and commanding them to proceed no-further in the case of relator against Arthur Gossin until this court shall haVe rendered judgment on the regularity and legality of the proceedings had in said Circuit Oourt, and that all proceedings had in said cause in the Circuit Oourt be decreed null and void, and that the judgment in said cause, rendered by the Eighteenth Judicial District Oourt on the 80th of September, 1892, remain undisturbed and of full force and vitality.
Alternative writs issued as prayed for.
The judges of the Oourt of Appeals substantially answered that the-case of Simon Abraham vs. Arthur Gossin, No. 44 of the docket of the Fifth Circuit Oourt of Appeals, was passed upon by them, and was within the jurisdiction of the said court for the reason that-plaintiff’s demands for damages were unreal, and only intended to-afford a pretext for- a recourse to the Supreme Oourt in a cause-where the true matter in dispute was below the constitutional jurisdiction of that court, and actually within that of the Circuit Oourt.
When the appellee filed in the Oourt of Appeals a motion to dismiss defendant’s appeal, he invoked the action of that court and-necessarily placed it on inquiry for the purposes of decision.
He concedes that the court had power and authority to pass upon the question, but he' denies it had the right to examine into the nature of the cause of action — the evidence in the record or the pleadings as a whole, but maintains that it should have confined and limited itself to the prayer, and finding that the prayer showed a demand which would take the case on appeal to this court, it was-bound to assume that it legally and correctly represented “the matter in dispute.”
That even if the demand were inflated the Oourt of Appeals could only entertain jurisdiction in the case, subsequently to a decision to-that effect by the Supreme Oourt declaring a portion of the demand. *887 fictitious — it being the right and the duty of this court to primarily determine that question.
This we understand to be substantially relator’s position and contention.
The convention of 1879, which ordained “that courts should be open and that every person for injury done him in his rights, lands, goods, person or reputation should have adequate remedy by due process of law, and that justice should be administered without denial or unreasonable delay,” well aware that the costs attendant upon litigation on claims for small amounts tended to deter suitors from entering into the courts, which were thus declared to be so freely open, conceived the idea of establishing for such cases an intermediate Court of Appeals, in which appeals would be tried more frequently than in the Supreme Court, and (differently from what is the case in this court) should be tried on the original record, pleadings and evidence, and not upon full and complete and expensive transcripts which have to be paid for by an appellant before delivery of the same.
This system, if the doctrine contended for by relator be correct, would not rest securely upon law, but would be essentially dependent for its execution upon the good faith of litigants. It would be in the power of plaintiffs in every ease by the simple use of fictitious allegations to force defendants to reach the court of actual jurisdiction by a circumlocution which would absolutely destroy the object and purpose of the convention.
We see no good ground upon which relator’s claim can be predicated.
A plaintiff’s rights are in no manner prejudiced or jeopardized by action such as was taken in this case by the appellant and the Court of Appeals. That court understands perfectly well that it can with no sort of legality or propriety assume jurisdiction of any ease which would fall under the operation of the rule announced in Lallande vs. Trezevant, 39 An. 830, where the seriousness and sincerity of the allegations present a fairly debatable question. We can not presume that it would retain a case on its docket unless the • fictitious character of the allegations was palpable and beyond question. Assuming, however, that it were to do so, an appellee’s remedy would be plain, clear and direct — he could always have recourse to this court, precisely as the relator himself has done in this instance, by way of *888 certiorari and prohibition for the protection of his rights. It will not do for the relator to say that he has been himself forced to a circuitous course for the protection of his own right to an alteration of the judgment of the District Court. Had he really felt aggrieved by that judgment he could have had recourse to his own substantive right of appeal, and could through it have controlled at his own risk (just as the defendant has done at his own risk) the court to which that appeal should have been primarily returned.
Instead of relying for the alteration of the judgment upon an appeal to which he was entitled by way of right, he has thought proper to depend for this alteration upon what is simply granted him in the nature of a faculty or privilege incidental to an appeal taken by some one else. A judgment creditor who takes such a course has to take it with disadvantages as well as advantages.
We have examined the record and are of the opinion that the action of the Circuit Court of Appeals in overruling relator’s motion to dismiss and in retaining jurisdiction of the case of Simon Abraham vs. Arthur Gossin on appeal before it from the Eighteenth Judicial District Courtjfor the parish of Lafourche was correct.
The nature of the cause of action, the pleadings as a whole and the absence of any attempt in the District Court to prove up any claim under plaintiff’s allegations of damages all unmistakably show that those allegations were inserted in the petition solely, as was said in Poree vs. Valishe, 15 An. 292, as a pretext for a recourse to this court, where the true matter in dispute was below our constitutional jurisdiction.
In addition to this, relator’s course as appellee in obtaining from the clerk a certificate of the non-filing by defendant in this court of the transcript of appeal is a very clear indication that he did not seriously complain of the judgment of the District Court, or propose to appeal from it.
The procuring of such a certificate is the step provided by the Code of Practice as that preliminary to an enforcement by a judgment creditor of the judgment as rendered below in his favor. C. P., Art. 589.
Relator’s claim that without any evidence whatever in the record upon the subject of attorneys’ fees, and with no attempt on the part of the district judge to fix any value upon such services, an appellate court is authorized and justified for the first time on appeal to *889 place an estimate upon them is not well founded. Courts have to a limited extent permitted their professional knowledge of the subject matter (when acted upon affirmatively by the lower’court, on evidence in the transcript), to influence them in their judgment on appeal, but they have not done so in manner and form ¡nor to the extent advanced here.
The issue presented to us by the relator is whether] or not the Circuit Court of Appeals is now entertaining jurisdiction and will continue to entertain jurisdiction by way of appeal over a case in which it has no jurisdiction ratione materise. We hold that it is not only not doing so, but that were relator’s case before this court on appeal, we would be constrained ex propria motu to dismiss the appeal to this court for want of jurisdiction.
For the reasons herein assigned it is hereby ordered, adjudged and decreed that the provisional orders and writs heretofore granted and issued be set aside and relator’s application be rejected at his costs.